Taylor *v.* Sayles.   { Aug. 11, 1876.

*Statute of Frauds.*

It appearing that certain land had been conveyed by plaintiff to one of the defendants by deed without any declaration of trust—*Held*, that a trust could not be shown by parol testimony.

From Cheshire Circuit Court.

This is a bill in equity, brought by the plaintiffs Orson S. Taylor and Semantha Taylor against Lenzie B. Sayles, Keziah Sayles, and Smith H. Brockway, to compel the defendants Sayles to convey to the plaintiff, said Semantha, a certain farm in Marlow, in this county. It appeared that in 1866 the plaintiff, said Orson, purchased the farm in question for the sum of twenty-five hundred dollars, one thousand dollars of which was paid in money by said Semantha, and the balance was secured by a mortgage upon the same, duly executed by the plaintiffs; that of the mortgage notes the sum of one thousand dollars has been paid.

The plaintiffs offered evidence tending to prove that on March 25, 1869, the plaintiffs, for the purpose of conveying the same premises to the said Semantha, mortgaged the same premises to the defendant, said Lenzie, to secure a note of fifteen hundred dollars signed by him, said Orson, and payable to said Lenzie, or order; and that on March 2, 1872, for the same purpose, they made, executed, and delivered to the said Lenzie a quitclaim deed of said premises, upon the agreement that he should convey said premises to the said Semantha, which he neglected to do at the time, and that he occasionally afterwards' promised to make such conveyance. The evidence offered to prove the agreement to reconvey, on the part of said Lenzie, was not in writing, and the defendants contended that the agreement set up by the plaintiffs constituted a trust concerning lands which did not result to the plaintiffs by implication of law, and objected that it could not be proved by parol; and the court sustained the objection, and the plaintiffs excepted.

The questions of law arising on the foregoing case were transferred to this court for determination by STANLEY, J., C. C.

*Lane* and *Lovell*, for the plaintiffs.

*Wheeler & Faulkner*, for the defendants.

CUSHING, C. J. The case states that in 1866, when the farm was purchased, the plaintiff, Semantha, paid one thousand dollars of the purchase-money, but does not allege that any trust then resulted to her, the deed having, as it appears, been taken in the name of the husband. In fact, the case states that the plaintiff Orson purchased the farm,—from which it would appear that the money contributed by Semantha was either a loan or a gift to the husband.

However that may be, the next transaction, which appears to have taken place about three years afterwards, was a mortgage by the plaintiffs to the defendant, to secure a note for fifteen hundred dollars, signed by the plaintiff Orson. This is stated to have been for the purpose of conveying the premises to Semantha. And then the case finds that in 1872, three years afterwards, the property was quitclaimed by the plaintiffs to the defendant for the same purpose, and that he agreed to convey it to Semantha.

If the mortgage and note were made, as stated in the bill, for the purpose of conveying the property to Semantha, we must understand that the note was fictitious; and we cannot easily see what the object of such an arrangement could be, unless it were to blind creditors and other persons who might have an interest in knowing the state of the title,—in other words, for the purpose of defrauding the creditors of the plaintiffs. If this were so, the question would immediately arise how far the court could go towards relieving them from the consequences of their attempted fraud, and whether it could do anything more than to leave them where it finds them.

Neither is it necessary to consider how far the general doctrine, that there can be no dower in the trust estate which ordinarily would prevent the defendant Keziah from having any interest of that kind, would be modified by the fact that this trust is not disclosed on the face of the deeds, so that she might perhaps be considered as a purchaser without notice.

The deeds being, as we suppose they are, in the absence of any suggestion to the contrary, in the usual form, no trust would arise upon them ; and the only question would be, whether this agreement, contradicting the effect of the deed, could be proved by parol testimony.

The cases of *Graves* v. *Graves*, 29 N. H. 129, and *Farrington* v. *Barr*, 36 N. H. 86, are directly in point to show that this bill cannot be maintained ; and the plaintiffs' exception must be overruled.

LADD and SMITH, JJ., concurred.

*Exception overruled.*